IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

      Plaintiff,                      No. CIV S-09-0336 GEB GGH P

     vs.

S. PARKS, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2009, the court ordered plaintiff to show cause why he should not be barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). The court also ordered plaintiff to submit an application to proceed in forma pauperis.

        On March 16, 2009, plaintiff submitted an application to proceed in forma pauperis. On April 29, 2009, plaintiff filed a response to the order to show cause. For the following reasons, the court recommends that plaintiff's application to proceed in forma pauperis be denied and that he be ordered to pay the filing fee.

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).

Court records, of which this court takes judicial notice,[1] indicate that plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to the filing of this complaint, on February 5, 2009. See Young v. Riley, CIV S-02-2297 LKK DAD P, December 14, 2004, findings and recommendations recommending that motion to dismiss pursuant to 28 U.S.C. § 1915(g) be granted; adopted by district court on March 29, 2005, citing the following cases: Young v. McCarger, CIV S-00-2393 GEB DAD P (dismissed on August 13, 2002, for failure to state a claim upon which relief can be granted); Young v. Edwards, CIV 02-2289 CAS (MLGx) (C.D. Cal.)(dismissed with prejudice on May 1, 2002, for failure to state a claim upon which relief may be granted); Young v. Briddle, CIV 98-714 (N.D. Cal.)(dismissed June 5, 1998, for failure to state claim for relief and failure to file an amended complaint to remedy the problem).

/////

/////

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

2

"Under the PLRA,[2] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

In the instant action, the allegations in plaintiff's complaint do not demonstrate that he was under "imminent danger" at the time he filed the complaint. Plaintiff alleges that on January 10, 2008, and January 11, 2008, defendant Parks placed handcuffs on him so tightly that it caused him to experience "adverse effects." Prior to January 12, 2008, defendants Andrade and Parks had prohibited Nurse Gestrogen from providing plaintiff with medical treatment. On January 12, 2008, defendant Parks verbally harassed plaintiff by telling him to kill himself. Defendant Andrade then placed placards over the windows of plaintiff's cell. Plaintiff got on his sink above the toilet then slipped and fell. Defendants Park and Andrade then used excessive force when they put plaintiff in a wheelchair and took him to the emergency room. At the emergency room, plaintiff was denied pain medication. As relief, plaintiff seeks money damages and any other further relief the court deems necessary.

In the response to the show cause order, plaintiff does not dispute that he has three strikes. Plaintiff contends that he meets the imminent danger exception. Plaintiff alleges that he suffers from ongoing harm such as asthma and back aches, apparently caused by defendants. Plaintiff alleges that he continues to be denied medical care. However, as discussed above, the complaint does not seek injunctive relief. If plaintiff truly believed he was in imminent danger, he presumably would have sought an injunction. In addition, the complaint contains no allegations regarding ongoing problems. Plaintiff's claim of ongoing medical problems

---

[2] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

1 stemming from defendants' conduct in the response to the show cause order are vague and
2 conclusory. For these reasons, the court does not find that plaintiff has demonstrated that he was
3 under imminent danger at the time he filed the complaint.
4      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to
5 proceed in forma pauperis be denied and he be ordered to pay the filing fee within thirty days of
6 the adoption of these findings and recommendations.
7      These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
9 days after being served with these findings and recommendations, plaintiff may file written
10 objections with the court. The document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
12 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
13 F.2d 1153 (9th Cir. 1991).
14 DATED: May 15, 2009

          /s/ Gregory G. Hollows
          _____
          UNITED STATES MAGISTRATE JUDGE

19 you336.dis