IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

        Plaintiff,                          No. CIV S-09-0336 GEB GGH P

    vs.

S. PARKS, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  On August 5, 2009, the court ordered that plaintiff's application to proceed in forma pauperis be denied and plaintiff must pay the $350.00 filing fee for this action in order to proceed, as plaintiff was precluded from proceeding in forma pauperis as he had brought three frivolous actions and/or appeals.  28 U.S.C. § 1915(g).

        On September 3, 2009, plaintiff appealed to the Ninth Circuit which dismissed plaintiff's appeal on April 9, 2010, for failure to respond to the court's order.  On April 19, 2010, Magistrate Judge Gregory Hollows ordered plaintiff to pay the filing fee within 21 days.  Instead of paying the filing fee, plaintiff has filed a motion for reconsideration of this court's August 5, 2009, order denying the application to proceed in forma paupers.

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other

1 grounds exist for the motion." The rule derives from the "law of the case" doctrine which
2 provides that the decisions on legal issues made in a case "should be followed unless there is
3 substantially different evidence . . . new controlling authority, or the prior decision was clearly
4 erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
5 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
6 denied, 475 U.S. 1064 (1986).

7 Courts construing Federal Rule of Civil Procedure 59(e), providing for the
8 alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
9 permitting the unsuccessful party to "rehash" arguments previously presented, or to present
10 "contentions which might have been raised prior to the challenged judgment." Costello v. United
11 States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268
12 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).
13 These holdings "reflect[] district courts' concerns for preserving dwindling resources and
14 promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

15 In the instant action, plaintiff has not set forth new facts and cited no new
16 controlling authority. Plaintiff still seeks to proceed in forma pauperis despite the court's denial
17 based on 28 U.S.C. § 1915(g).

18 In accordance with the above, IT IS HEREBY ORDERED that:

19 1. Upon reconsideration, this court's order of August 5, 2009, is affirmed.

20 2. Plaintiff shall pay the $350.00 filing fee to proceed with this action.

21 Dated: May 27, 2010

GARLAND E. BURRELL, JR.
United States District Judge