IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE YOUNG,

    Plaintiff,                            No. CIV S-09-0336 GEB GGH P

    vs.

S. PARKS, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On April 7, 2011, the court adopted the findings and recommendations and dismissed this case. On April 25, 2011, plaintiff brought a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby,</u> 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

1

under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

The court has reviewed plaintiff's motion and finds that plaintiff has added nothing new or substantive that was not previously before the court, nor does he demonstrate any basis for the court to find that the judgment was mistaken. To the extent plaintiff objects to not being able to file objections to the findings and recommendations despite being given an extension, for the reasons stated in the magistrate judge's March 30, 2011, order denying a second extension plaintiff has filed many appeals and motions for reconsideration regarding the issues in this case over the last two years and all have been denied. Plaintiff is simply trying to continue this litigation which will no longer be allowed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief from judgment, pursuant to Rule 60(b), (Doc. 40) is denied. The Clerk is ordered not to file any further documents in this case.

DATED: May 2, 2011

/s/ Gregory G. Hollows
_____
U.S. MAGISTRATE JUDGE

youn0336.60b